UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN T. PICKERING-GEORGE
(adopted) JOHN R. DALEY, JR.,

                Plaintiff,

                                    ORDER
      -against-                    11-CV-0064 (JS)(ETB)

THE CITY OF NEW YORK, HUMAN
RESOURCES ADMINISTRATION,
FAMILY INDEPENDENCE ADMINISTRATION,
OFFICE OF LEGAL AFFAIRS, BUREAU
OF ADMINISTRATIVE PROCEDURES,
HUMAN RESOURCES ADMINISTRATION,
FAMILY INDEPENDENCE ADMINISTRATION
JOB CENTER AGENCIES LOCATIONS,
ET AL.

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      John T. Pickering-George, Pro Se
                     100 W. 74th Street, Apt. 6-D
                     Bronx, New York 10453

For Defendants:     No appearances

SEYBERT, District Judge:

        On January 3, 2011, the pro se Plaintiff John T. Pickering-George (adopted) John R. Daley, Jr., ("Plaintiff") filed a Complaint against the defendants, The City of New York, Human Resources Administration, Family Independence Administration, Office of Legal Affairs, Bureau of Administrative Procedures, Human Resources Administration, and "Family Independence Administration Job Center Agencies Locations" (collectively, "Defendants") accompanied by an application to proceed in forma pauperis.[1] The

---

[1] Also accompanying Plaintiff's Complaint is a eleven-page handwritten document entitled "EXPEDITED, IMMEDIATE, AFFIRMATIVE,

Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). However, for the reasons that follow, the Court sua sponte dismisses the Complaint without prejudice and with leave to pursue any valid claims he may have in state court.

I. Background

Plaintiff, who is no stranger to this Court,[2] has filed another incomprehensible handwritten Complaint. Plaintiff's fifteen page Complaint is largely a compilation of citations to various, unrelated federal and state statutes and rules together with lists of incoherent statements containing legal jargon. For example, the Complaint begins with a "Statement of Claim" as follows:

> 1) MATTERS OF INJUNCTION, ASSOCIATED CONCEPTS OF LAW ADJUDICATION.
>
> 2) CLAIM OF DISCRIMINATION IN PROGRAM OR ACTIVITY RECEIVING FEDERAL ASSISTANCE.
>
> 3) CLAIM OF FACT AND ASSOCIATED CONCEPTS, JURY TRIAL DEMAND.
>
> 4) MATTERS OF EVIDENCE AND RECORD.

---

INJUNCTIVE RELIEF, TITLE VI REVIEW. JUDICIAL REVIEW OF STATE ADMINISTRATION, AGENCIES" that is largely comprised of citations to various federal statutes and case law. Attached to that document is a collection of Orders from other cases in this Court and others in which Plaintiff was a party.

[2] Plaintiff's other action in this Court, 10-CV-1103 (JS)(ETB), was sua sponte dismissed with prejudice after affording Plaintiff three opportunities to file a coherent Complaint.

> 5) MATTERS OF RETROACTIVE BENIFITS [SIC] COMPLIANCE.
>
> 6) DUTIES OR OBLIGATIONS AND PERFORMANCE THEREOF.
>
> 7) CHARACTERIZATION OF ACTS OR CONDUCT AND STATING RESULT THEREOF.
>
> 8) CLAIM OF CIVIL, PUBLIC (ADJECTIVE) AND ASSOCIATED CONCEPTS.
>
> 9) FRAUD OF DECITFUL [SIC] PRACTICE OR MISREPRESENTATION.
>
> 10) PLEADING PLAINTIFF'S ALLEGATIONS, ACCUSATION ACCORDING TO LEGAL ENTITY EFFECTS.

(Compl. at pp. 2-3, ¶¶ 1-25).

The Statement of Claim portion of the Complaint continues in this fashion for another fifteen paragraphs. (Id.) The next section of the Complaint is entitled "Claim for Relief" and is similarly comprised of sixteen discrete, nonsensical paragraphs, for example:

> 1) CLAIM OF RELIEF IS FOR REMEDY.
>
> 2) CLAIM OF RELIEF, TORT (NOUN) AND ASSOCIATED CONCEPTS.
>
> 3) CLAIM FOR RELIEF, IMMEDIATE, AFFIRMATIVE, INJUNCTION AUTHORIZED BY FEDERAL CONSTITUTIONAL AMENDMENTS PROVISIONS.
>
> 4) INJUNCTION PROCEEDINGS - PROCESS, WRIT AND FEDERAL STATUTES.
>
> 5) RELIEF OF FEDERAL-QUESTION JURISDICTION.
>
> 6) CLAIM OF RELIEF, AID, LEGAL REDRESS (NOUN) AND ASSOCIATED CONCEPTS.

>     7)  RELIEF IN THE MATTER OF EXEMPT -
>         GENERALLY.

(Id. at p. 3, ¶¶ 1-16).  Plaintiff then lists twenty-three federal statutes, two federal code sections, six federal Constitutional amendments in addition to various Federal Rules of Civil Procedure, and New York State Constitutional sections.  (Id. at pp. 4-6).

> Plaintiff's Complaint then describes that
>
>> THIS IS AN ACTION FOR "<u>EXPEDITED, IMMEDIATE, AFFIRMATIVE, INJUNCTIVE RELIEF</u>" IN CONNECTION WITH THE DEPRIVATION, UNDER THE COLOR OF STATE LAW, OF PLAINTIFF'S RIGHTS AS GARUNTEED [SIC] BY THE "<u>FEDERAL CONSTITUTION</u>", LAWS OF CONGRESS OF THE UNITED STATES, CODE OF FEDERAL REGULATIONS. PARTICULARLY TITLE:18 UNITED STATES CODE, SECTION(S) OF "DEPRIVATION" CIVIL RIGHTS, OBSTRUCTING JUSTICE AND PROCESS, AND OBSTRUCT. . . .

(Id. at p. 7, ¶ 1) (emphasis in original).  The "Factual Allegations" begin on page eight and are equally difficult to comprehend.  Plaintiff appears to complain that he is a public welfare recipient who, following his release from an eleven-year incarceration in federal and state prisons, has been "transferred" to various "job centers" within the New York City Human Resources Administration.  (Id. at p. 8, 10, ¶¶ 5, 10).  The "job centers" are alleged to have programs including "JOB SEARCH, JOB READINESS (G.E.D.), TRAINING, FOOD STAMPS, MEDICAL ASSISTANCE, SERVICES, INCLUDING FOSTER CARE, EMERGENCY PAYMENT (LOSS-2921 STATEWIDE) (REV.), CONJUNCTION WITH NYC DEPARTMENT OF HOUSING SECTION 8 AND FEDERAL FUNDED PROGRAMS, GRANTS, AND ACTIVITIES RECEIVING FEDERAL

ASSISTANCE." (Id. at ¶ 9). Plaintiff alleges that he

> WAS NOT EVER GIVEN ALLOWANCE FOR CLOTHING, FOOT WEARS, COMPLETE FURNITURE ALLOWANCE, HOME APPLIANCES, TELEVISION TELEPHONE DIRECT PAYMENT ALLOWANCE. . . . NOR DUE PROCESS FOR CLOTHING, FOOTWEAR, ("APPLIANCES") . . . .

(Id. at p. 10, ¶¶ 9-10). Plaintiff then describes that a "fair hearing" occurred on November 4, 2010 where it appears that Plaintiff was charged with failing to comply with unspecified employment requirements and "work activity." (Id. at p. 11, ¶ 13).

As this Court can best discern, the instant action appears to be an attempt to challenge the determination made at the fair hearing "IN ACCORDANCE WITH ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES AGAINST STATE AGENCY . . . ." (Id.).

> Based on the foregoing, Plaintiff seeks, inter alia,
>
> (A) FOR [A] IMMEDIATE PRELIMINARY MANDATORY, AFFIRMATIVE PROSPECTIVE, PERMANENT INJUNCTION PROHIBITING DEFENDANTS FROM OPERATING SAID ADMINISTRATION PROGRAM IN [A] DISCRIMINATORY, OBSTRUCTING JUSTICE AND, PROCESS, OBSTRUCT MANNER.
>
> . . .
>
> (D). THAT [A] EXPEDITED HEARING BEFORE THIS COURT AS SOON AS PRACTICABLE AND THE ISSUANCE BY THE COURT FOLLOWING THE HEARING OF [A] IMMEDIATE TEMPORARY AND PERMANENT INJUNCTION TO, ENJOIN THE VIOLATIONS SPECIFICALLY ENJOINING THE, DEFENDANTS ET AL., FROM IRREPARRABLE [sic] INJURY AND DAMAGES, SUCH AS, INDICTMENT, PENAL, PROSECUTE, PROSECUTION. WILL RESULT UNLESS THIS COURT SO ACTS, RELIEF AND CLAIM OF RELIEF AS JUSTICE AND EQUITY MUST REQUIRE.

(Id. at p. 13, ¶ 18).

5

II. Discussion

    A.   In Forma Pauperis Application

Upon review of the Plaintiff's application, this Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

    B.   Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. This obligation applies equally to prisoner and non-prisoner in forma pauperis cases. Awan v. Awan, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); Burns v. Goodwill Industries, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. 2002).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must

6

grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Notwithstanding the liberal pleading standards afforded pro se litigants, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

Applying these standards to the case at hand, and according Plaintiff's Complaint a liberal construction, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163, the Court finds that Plaintiff's Complaint does not meet the pleading requirements of Rule 8. As is readily apparent, Plaintiff's Complaint provides insufficient notice to the Defendants of the

claims asserted against them.  Accordingly, the Court <u>sua sponte</u> dismisses Plaintiff's Complaint without prejudice.

Notwithstanding the Second Circuit's preference for adjudication of cases on the merits, the Court declines to grant Plaintiff leave to amend the Complaint because an Article 78 challenge to a state administrative fair hearing determination is properly first brought in state court.  <u>See</u>, <u>e.g.</u>, <u>Schoom v. Berlin</u>, No. 07-CV-2099 (JGK), 2011 WL 1085274, at *4 (S.D.N.Y. March 23, 2011) ("subsequent to any state administrative fair hearing, plaintiffs should have sought relief through Article 78 of the New York Civil Practice Rules in state court before turning to the federal forum") (citing <u>N.Y. Nat'l Org. for Women v. Pataki</u>, 261 F.3d 156, 168-69 (2d Cir. 2001); <u>Campo v. N.Y.C. Emps. Ret. Sys.</u>, 843 F.2d 96, 101-03 (2d Cir. 1988); <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 888 (2d Cir. 1987)).  Plaintiff may pursue any valid claims he may have in state court.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, and the Complaint is sua sponte dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   May  31 , 2011
         Central Islip, New York